UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NATIONAL BANK OF KUWAIT,** § <br> **S.A.K.P., NEW YORK BRANCH** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **ALI CHOUDHRI a/k/a MOHAMMAD** § <br> **ALI CHOUDHRI** § <br> § <br> **Defendant.** § | **Civil Action No. 4:25-cv-05602** |

## MOTION FOR SUBSTITUTE OR ALTERNATIVE SERVICE

Plaintiff National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") brings this action against Defendant Ali Choudhri a/k/a Mohammad Ali Choudhri ("Mr. Choudhri") and alleges as follows:

### INTRODUCTION

1. NBK filed this lawsuit on November 20, 2025. ECF No. 1 (the "Complaint").[1] It requested two summonses for Mr. Choudhri that same day. ECF No. 2. On November 21, 2025, the clerk issued both summonses: (1) for Mr. Choudhri at his business address of 1001 West Loop South, Suite 700, Houston, Texas 77027; and (2) for Mr. Choudhri at his personal residence of 4521 San Felipe Street, Unit 3201, Houston, Texas 77027. ECF Nos. 3 & 4 (together, the "Summons").

2. NBK immediately attempted to serve Mr. Choudhri. NBK engaged Pipkins Investigation Company ("Pipkins") and James Chavez, a licensed private investigator, to locate

---

[1] Unless otherwise noted, all "ECF No." references are to the docket in this case.

and personally serve Mr. Choudhri with the Complaint and Summons. *See* **Exhibit B** (Affidavit of Due Diligence for Defendant Ali Choudhri). Between November 21, 2025, and November 26, 2025, Mr. Chavez attempted to serve Mr. Choudhri at three locations, including the two identified in the Summons, on a total of six occasions. *See id.* Those attempts were all unsuccessful and neighboring companies (at the business address) and individuals (at the residential address) informed Mr. Chavez that they had not seen Mr. Choudhri in some time. *See id.*

3. Mr. Chavez also performed various database, open-source, and social media searches attempting to locate Mr. Choudhri. *See id.* Those efforts were unsuccessful – primarily because Mr. Choudhri (and his various corporate entities) has been evicted or ousted from several commercial properties where he could once be found and because Mr. Choudhri has failed to comply with his obligations under Texas law to update his residential address with the Department of Motor Vehicles. *See id.*

4. On December 5, 2025, Mr. Choudhri filed a voluntary chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). *In re Ali Choudhri*, Case No. 25-90797 (Bankr. S.D. Tex.), ECF No. 1. Relevant here, Mr. Choudhri's bankruptcy filing confirms that he is present at the two addresses listed in the Summons. *Id.* Because of the bankruptcy filing, NBK paused attempts at service. On December 19, 2025, the Bankruptcy Court dismissed Mr. Choudhri's bankruptcy case without prejudice. *Id.* at ECF No. 33. To NBK's knowledge, Mr. Choudhri has not refiled.

5. It now appears that Mr. Choudhri cannot be found at the two locations identified in the issued Summons and which, under oath, he listed as his personal residence and mailing address in his bankruptcy petition, such that successful in-hand service of the Summons and Complaint is unlikely.

6. It is likely, however, that Mr. Choudhri can be reached by email and through several attorneys who currently represent Mr. Choudhri in various legal proceedings, including several other legal proceedings involving NBK. *See* **Exhibit C** (Table of Mr. Choudhri's Counsel); **Exhibit D** (Declaration of Charles C. Conrad).

7. Because Mr. Choudhri cannot be located for personal service, NBK respectfully requests the Court allow substitute or alternative service of the Complaint and Summons on Mr. Choudhri by email both to Mr. Choudhri, individually, and to his various counsel. Service by email is likely to give Mr. Choudhri effective notice of this lawsuit in a cost and time-effective manner, preserving the parties' and the Court's time and resources. Presumptively, Mr. Choudhri's current counsel in other litigation can also reach him.

## LEGAL STANDARD

8. Under Federal Rule of Civil Procedure ("Federal Rule") 4(e), service of process on an individual within a judicial district of the United States may be completed by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). Alternatively, a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

9. Under Texas Rule of Civil Procedure ("Texas Rule") 106(b), when personal service has been unsuccessful, the Court may authorize substitute service "*in any other manner* that . . . will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b). Accordingly, this Court may authorize service by social media, email, or other technology upon a motion supported by affidavit stating: (1) the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found; and (2) specific

facts showing that service has been attempted under Rule 106(a)(1) (in person) at the location named in such affidavit but has not been successful. *Id.*

10. Additionally, Texas Civil Practice and Remedies Code § 17.033 expressly authorizes substituted service through social media or email if: (1) the defendant maintains a social media presence or email account; (2) the account belongs to the defendant; (3) the defendant regularly accesses the account; and (4) service through social media or email is reasonably effective to give the defendant notice of the suit.

## ARGUMENT

### A.    NBK has diligently attempted service on Mr. Choudhri.

11. Mr. Choudhri is extraordinarily litigious. He and his entities are parties to dozens (if not more than a hundred) lawsuits in the Texas state and federal courts. In those lawsuits, Mr. Choudhri routinely asserts that he can be served at either: (a) his home address of 4521 San Felipe Street, Unit 3201, Houston, Texas 77027; or (b) his business address of 1001 West Loop South, Suite 700, Houston, Texas 77027.[2]

12. Indeed, on December 5, 2025, Mr. Choudhri filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas.[3] In his bankruptcy

---

[2] *See, e.g.*, *Ali Mokaram et al. v. Ali Choudhri et al.*, Case No. 25-03825 (Bankr. S.D. Tex.), ECF No. 1 (In an August 2025 notice of removal, Mr. Choudhri stating his principal place of business is at 1001 West Loop South.); *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri*, Case No. 25-03628 (Bankr. S.D. Tex.) (In an August 2025 notice of removal, Mr. Choudhri stating he "may be served with process at his business address at 1001 W. Loop S. Suite 700."); *Ali Mokaram et al. v. Dalio Holdings I, LLC et al.*, Case No. 25-03630 (Bankr. S.D. Tex), ECF No. 1 (In an August 2025 notice of removal, Mr. Choudhri stating his principal place of business is at 1001 West Loop South.); *Osama Abdullatif et al. v. Memorial Glen Cove LLC, et al.*, Case No. 25-05061 (Bankr. W.D. Tex.) (In an August 2025 notice of removal, Mr. Choudhri stating he "may be served with process at his business address at 1001 W. Loop S. Suite 700."); *Ali Choudhri v. Travis Vargo*, Case No. 2025-63645 (113rd Judicial Dist., Harris County) (In an August 2025 declaration, Mr. Choudhri declared "My address is 1001 West Loop South, Suite 700.").

[3] The bankruptcy case was filed on December 5, 2025, and dismissed without prejudice on December 19, 2025. *In re Ali Choudhri*, Case No. 25-90797 (Bankr. S.D. Tex.), ECF No. 33.

4

petition, Mr. Choudhri stated (under penalty of perjury) that he lives at 4521 San Felipe Street, Unit 3201, Houston, Texas 77027 and that he receives mail at 1001 West Loop South, Unit 700, Houston, Texas 77027:[4]



13. Between November 21, 2025, and November 25, 2025 – after NBK filed the present lawsuit but before Mr. Choudhri filed bankruptcy – NBK diligently attempted to serve Mr. Choudhri, on multiple occasions, at both the 1001 West Loop address and the 4521 San Felipe address. *See* Exhibit B.

14. More specifically, NBK attempted to serve Mr. Choudhri at the 1001 West Loop address on November 25 and November 26, 2025. *Id.*, ¶¶ 9, 11. All attempts were unsuccessful and other tenants at the commercial office building stated that they had not seen Mr. Choudhri at that location in some time. *Id.* NBK also attempted to serve Mr. Choudhri at the 4521 San Felipe address on November 21, November 25, and November 26, 2025. *Id.*, ¶¶ 7, 8, 10. All attempts

---

[4] *Id.*, ECF No. 1.

were unsuccessful and the security guard at the residential building stated he had not seen Mr. Choudhri in some time. *Id.*

15. Notably, all attempts at service were made *before* Mr. Choudhri filed his bankruptcy petition stating, under penalty of perjury, that he resided at the 4521 San Felipe address and received mail at the 1001 West Loop address.

> **B.  Substitute service by email to Mr. Choudhri and his litany of counsel is reasonably effective to give Mr. Choudhri notice of this lawsuit.**

16. In light of the repeated unsuccessful attempts to personally serve Mr. Choudhri, NBK respectfully requests the Court authorize substitute or alternative service by emailing a true and correct copy of the Order granting this Motion, the Complaint, and the Summons to Mr. Choudhri and to several attorneys currently representing Mr. Choudhri, as follows:

| **Individual** | **Email Address** | **Relationship to Mr. Choudhri[5]** |
|---|---|---|
| Ali Choudhri[6] | ali@jetallcapital.com<br>legal@jetallcapital.com<br>ali@jetallcompanies.com | N/A |
| Justin Rayome[7] | justin.rayome.law@gmail.com<br>justin.r@jetallcapital.com<br>justinrayome3@gmail.com<br>justin.r@jetallcompanies.com | Counsel to Mr. Choudhri in at least 25 active or recently concluded cases |

---

[5] Citations to the cases where the various attorneys are currently representing, or have recently represented, Mr. Choudhri are included in Exhibit C.

[6] Mr. Choudhri has used various emails in interactions with NBK. For completeness, NBK has included all of them here. NBK believes Mr. Choudhri's primary email address is ali@jetallcapital.com, which is the email address Mr. Choudhri has used several times when requesting notice in court proceedings.

[7] Mr. Rayome has used various emails throughout his representation of Mr. Choudhri. For completeness, NBK has included all of them here. NBK believes Mr. Rayome's primary email address is justin.rayome.law@gmail.com, which is the email associated with Mr. Rayome's CM/ECF account in the Southern District of Texas.

6

| Individual | Email Address | Relationship to Mr. Choudhri[5] |
|---|---|---|
| Gia Samavati[8] | gia@trialninjas.com<br>gia@samavatilawfirm.com<br>gia@jetallcapital.com<br>gia@trialsharks.com | Counsel to Mr. Choudhri in at least 12 active or recently concluded cases, including his recent bankruptcy |
| Jeffrey W. Steidley[9] | jeff@texlaw.us | Counsel to Mr. Choudhri in at least 8 active or recently concluded cases |
| Bruce Duke[10] | bruce@bdukelawfirm.com | Counsel to Mr. Choudhri in at least 5 active or recently concluded cases, including his recent bankruptcy |
| Joseph C. Cecere[11] | ccecere@cecerepc.com | Counsel to Mr. Choudhri in at least 3 active or recently concluded cases |

17. Mr. Choudhri also appears to have an active website at alichoudhri.com. That website has a "contact" feature which permits messages to be left. NBK also seeks authority to leave a message using this contact feature advising Mr. Choudhri of the Summons and Complaint and advising him how to obtain copies, as a form of substitute service.

18. "Several courts have applied provisions of Rule 4 of the Federal Rules of Civil Procedure to authorize e-mail service when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business on-line (particularly business related to the subject of the suit), and that the defendant has recently

---

[8] Ms. Samavati has used various emails throughout her representation of Mr. Choudhri. For completeness, NBK has included all of them here. NBK believes Ms. Samavati's primary email address is gia@samavatilawfirm.com, which is the email associated with Ms. Samavati's CM/ECF account in the Southern District of Texas.

[9] Mr. Steidley has filed documents on behalf of Mr. Choudhri in the Southern District of Texas Bankruptcy Court, the Southern District of Texas, and the Fifth Circuit. NBK believes Mr. Steidley's registered email address with each court is jeff@texlaw.us.

[10] Mr. Duke has filed documents on behalf of Mr. Choudhri in the Southern District of Texas Bankruptcy Court and the Western District of Texas Bankruptcy Court. NBK believes Mr. Duke's registered email address with each court is bruce@bdukelawfirm.com.

[11] Mr. Cecere has filed documents on behalf of Mr. Choudhri in the Southern District of Texas Bankruptcy Court, the Southern District of Texas, and the Fifth Circuit. NBK believes Mr. Cecere's registered email address with each court is ccecere@cecerepc.com.

communicated using the e-mail address the plaintiff proposes to use for service." *Collins v. Doe*, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010) (Rosenthal, J.) (citing cases).[12] Additionally, where "there is evidence of an attorney-client relationship between a [] defendant and [] counsel, a common method of alternate service under Rule 4(f) is service of process on a defendant's [] attorney." *Document Operations, LLC v. AOS Legal Technologies, Inc.*, 2021 WL 3089258, at *5-6 (S.D. Tex. July 22, 2021) (Hanks, J.) (permitting email service on domestic counsel of foreign defendant).[13] That is especially true where necessary "to prevent further delay and needless cost to the parties." *Id.*

19. ***Service by email to Mr. Choudhri is reasonably likely to give him notice of this lawsuit***. As discussed above, NBK has made diligent efforts to serve Mr. Choudhri in person. It attempted in person service at the two addresses listed by Mr. Choudhri in his bankruptcy petition and where he could historically be found. Several attempts at both locations were unsuccessful. NBK has been unable to locate a different or alternative address for Mr. Choudhri. However, NBK is aware that Mr. Choudhri routinely communicates by email, primarily using his ali@jetallcapital.com address. Indeed, Mr. Choudhri has regularly communicated with counsel for NBK using his ali@jetallcapital.com address, sending <u>at least 50 emails</u> between March 2024 and February 2025. *See* Exhibit D (Declaration of Charles Conrad), ¶ 3

---

[12] *See also Indeed, Inc. v. Kahn*, 2021 WL 7630529, at *2 (W.D. Tex. May 28, 2021) (permitting substitute service by email to the defendant); *Texas Lottery Commission v. Ansari*, 2022 WL 22844393, at *1-2 (W.D. Tex. July 21, 2022) (permitting substitute service by email to the defendant); *MSCI 2011-C2 Ingram Park, LLC v. Cornerstone Apparel, Inc.*, 2024 WL 2482988, at *2 (W.D. Tex. May 6, 2024) (permitting substitute service by email to the defendant).

[13] *See also Texas Lottery Commission*, 2022 WL 22844393, at *1-2 (permitting substitute service by email to defendant's counsel); *Universal Connectivity Technologies Inc. v. Lenovo Group Limited*, 2025 WL 510233, at *3 (E.D. Tex. Feb. 15, 2025) (permitting substitute service by email to defendant's counsel); *Ariat International, Inc. v. M/S Khemchand Handicrafts*, 2024 WL 2885907, at *3 (N.D. Tex. June 6, 2024) (permitting substitute service by email to defendant's counsel).

20. In addition to communicating with NBK's counsel by email, Mr. Choudhri has represented to several courts and other parties that he can be reached at his ali@jetallcapital.com email address. As discussed above, Mr. Choudhri is a serial litigant. In those cases, Mr. Choudhri often represents himself *pro se*. In his various *pro se* filings, Mr. Choudhri has repeatedly requested notice and accepted service at his ali@jetallcapital.com email address:

   a. *In re Galleria West Loop Investments, LLC*, Case No. 24-32143 (Bankr. S.D. Tex.) at ECF No. 42 (Notice of Appearance for Ali Choudhri, *pro se*, requesting notice and accepting service at ali@jetallcapital.com).

   b. *In re Texas REIT, LLC*, Case No. 24-10120 (Bankr. W.D. Tex.) at ECF No. 79 (Notice of Appearance for Ali Choudhri, *pro se*, requesting notice and accepting service at ali@jetallcapital.com).

   c. *In re 1001 WL, LLC*, Case No. 24-10119 (Bankr. W.D. Tex.) at ECF No. 96 (Notice of Appearance for Ali Choudhri, *pro se*, requesting notice and accepting service at ali@jetallcapital.com).

   d. *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.) at ECF No. 151 (Notice of Appearance for Ali Choudhri, *pro se*, requesting notice and accepting service at ali@jetallcapital.com).

21. Mr. Choudhri has routinely communicated about matters involving NBK by email using his ali@jetallcapital.com email address. Mr. Choudhri has also routinely requested or accepted notice and service of documents at his ali@jetallcapital.com email address. Service of the Complaint and Summons by email to Mr. Choudhri at the email addresses listed above, including but not limited to his primary ali@jetallcapital.com email address, is a reasonably effective means to give Mr. Choudhri notice of this lawsuit.

22. ***Service by email to Mr. Choudhri's counsel is reasonably likely to give him notice of this lawsuit.*** In addition to email service on Mr. Choudhri, individually, service by email on Mr. Choudhri's various counsel is a reasonably effective means to give Mr. Choudhri notice of

this lawsuit.[14] All of the counsel listed above are currently representing Mr. Choudhri, including in cases involving NBK. For example:

    a.    Justin Rayome represents Mr. Choudhri in at least 14 pending matters, including at least two involving NBK. *See Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-cv-04836 (S.D. Tex.); *In re Jetall Companies, Inc.*, Case No. 24-35761 (Bankr. S.D. Tex.).

    b.    Gia Samavati represents Mr. Choudhri in at least three pending matters, including at least two involving NBK. *See In re Jetall Companies, Inc.*, Case No. 24-35761 (Bankr. S.D. Tex.); *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.). Ms. Samavati also appeared and represented Mr. Choudhri in his recently dismissed bankruptcy case, which involved NBK. *See In re Ali Choudhri*, Case No. 25-90797 (Bankr. S.D. Tex.).

    c.    Bruce Duke represents Mr. Choudhri in at least two pending matters and represented Mr. Choudhri in his recently dismissed bankruptcy case, which involved NBK. *See In re Ali Choudhri*, Case No. 25-90797 (Bankr. S.D. Tex.).

    d.    Jeffrey Steidley represents Mr. Choudhri in at least two pending matters and represented Mr. Choudhri in a Fifth Circuit appeal involving NBK which was decided on December 4, 2025, and which a mandate issued on December 29, 2025. *See Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 25-20096 (5th Cir.), aff'd, *Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-cv-03198 (S.D. Tex.), aff'g *Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-03120 (Bankr. S.D. Tex.).

    e.    Joseph ("Carl") Cecere represents Mr. Choudhri in at least three pending matters, all involving NBK. *See Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-cv-04836 (S.D. Tex.); *Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-20541 (5th Cir.); *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.).

23.    Additionally, most of the counsel listed above have communicated with NBK via email regarding matters involving Mr. Choudhri. For example:

---

[14] Mr. Choudhri is a party to dozens of lawsuits in the Texas state and federal courts. NBK seeks to serve the Summons and Complaint by email on some, but not all, of Mr. Choudhri's counsel. NBK selected the counsel identified in this Motion because: (a) all have active, pending cases involving Mr. Choudhri; and (b) all have familiarity with NBK, NBK's counsel, or the general facts and circumstances of this lawsuit.

    a.    <u>Justin Rayome</u> has regularly communicated with counsel for NBK by email regarding matters involving Mr. Choudhri, sending at least 20 emails between January 2025 and June 2025.  *See* Exhibit D, ¶ 4.

    b.    <u>Gia Samavati</u> has regularly communicated with counsel for NBK by email regarding matters involving Mr. Choudhri, sending at least five emails between April 2025 and July 2025.  *See id.*

    c.    <u>Jeffrey Steidley</u> has regularly communicated with counsel for NBK by email regarding matters involving Mr. Choudhri, sending at least six emails between June 2024 and October 2025.  *See id.*

    d.    <u>Joseph ("Carl") Cecere</u> has regularly communicated with counsel for NBK by email regarding matters involving Mr. Choudhri, sending at least 45 emails between December 2024 and November 2025.  *See id.*

24.    To effectively represent Mr. Choudhri, it is likely that the counsel listed above are in contact, and communicate regularly, with him.  Because of that, service of the Complaint and Summons by email to the individuals above is a reasonably effective means to give Mr. Choudhri notice of this lawsuit.

## **CONCLUSION**

25.    For the foregoing reasons, NBK respectfully requests the Court enter the order attached as **Exhibit A** and permit substitute or alternative service by emailing a copy of the order, the Summons, and the Complaint to the following individuals and emails:

    a.    Defendant Ali Choudhri at: ali@jetallcapital.com, legal@jetallcapital.com, and ali@jetallcompanies.com and by contacting Mr. Choudhri through the "contact" feature on his website, www.alichoudhri.com, informing him of this lawsuit and advising him how to obtain a copy of the Complaint and Summons;

    b.    Justin Rayome, counsel for Mr. Choudhri, at: justin.rayome.law@gmail.com, justin.r@jetallcapital.com, justinrayome3@gmail.com, and justin.r@jetallcompanies.com;

    c.    Gia Samavati, counsel for Mr. Choudhri, at: gia@trialninjas.com, gia@samavatilawfirm.com, gia@jetallcapital.com, and gia@trialsharks.com;

    d.    Jeffrey Steidley, counsel for Mr. Choudhri, at: jeff@texlaw.us;

    e.    Bruce Duke, counsel for Mr. Choudhri, at: bruce@bdukelawfirm.com; and

f.     Joseph Cecere, counsel for Mr. Choudhri, at: ccecere@cecerepc.com.

Dated: January 6, 2026                     Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:  */s/ Charles C. Conrad*
Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. ID No. 37220
L. James Dickinson
Tex. Bar No. 24105805
S.D. Tex. Fed. ID No. 3611267
Reed C. Trechter
Tex. Bar No. 24129454
S.D. Tex. Fed. ID No. 3803657
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
james.dickinson@pillsburylaw.com
reed.trechter@pillsburylaw.com

*- and -*

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. ID No. 30089813
Patrick E. Fitzmaurice
N.Y. Bar No. 4093852
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 6, 2026, a true and correct copy of this document was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service.

*/s/ Charles C. Conrad*
Charles C. Conrad
