**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § | **Civil Action No. 4:25-cv-05602** |
| ALI CHOUDHRI a/k/a MOHAMMAD ALI CHOUDHRI | § § § | |
| **Defendant.** | § § § | |

**STATUS REPORT AND REQUEST FOR:**
**(I) CLERK'S ENTRY OF DEFAULT; AND (II) ENTRY OF DEFAULT JUDGMENT**

TO THE HON. GEORGE C. HANKS, JR., UNITED STATES DISTRICT COURT JUDGE and

THE HONORABLE DENA HANOVICE PALERMO, UNITED STATES MAGISTRATE

JUDGE:

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") submits this *Status Report*

*and Request for: (I) Clerk's Entry of Default; and (II) Entry of Default Judgment* in advance of

the upcoming Initial Conference to apprise the Court of the status of this case and in lieu of a case

management stipulation and states as follows:

**PRELIMINARY STATEMENT**

1.      NBK submits this *Status Report and Request for Entry of Default and Default*

*Judgment* ahead of the Initial Conference currently scheduled for June 12, 2026, before Magistrate

Judge Palermo.

2.      Ordinarily, NBK would be prepared to submit the report required by Rule 26(f)

prior to the Initial Conference.  That, however, has been made impossible by Mr. Choudhri's

refusal to appear or defend this case.  That same refusal now justifies entry of default and default judgment against Mr. Choudhri and in favor of NBK.

3.      For the reasons below, NBK respectfully requests: (a) the Clerk be instructed to enter default against Mr. Choudhri; (b) the Court enter a default judgment against Mr. Choudhri and in favor of NBK; and (c) after the default and default judgment are entered, keep the case open for post-judgment proceedings which NBK anticipates will require judicial intervention given Mr. Choudhri's record of noncompliance.

### FACTUAL BACKGROUND

4.      On November 20, 2025, NBK filed its *Complaint* against Defendant Ali Choudhri. ECF No. 1.  After receiving Summonses, NBK immediately attempted to locate and serve Mr. Choudhri.  *See* ECF Nos. 3, 4 & 10.

5.      On January 6, 2026, after several unsuccessful attempts to personally serve Mr. Choudhri, NBK filed its *Motion for Substitute or Alternative Service* (ECF No. 10), which the Court granted on March 30, 2026, ECF No. 18 (the "Substitute Service Order").  In accordance with the Substitute Service Order, NBK effectuated service on Mr. Choudhri by emailing copies of the Substitute Service Order, Complaint, and Summons to Mr. Choudhri and his counsel on March 30, 2026.  ECF No. 19.

6.      Although properly served with the Summons and Complaint, Mr. Choudhri failed to timely answer the Complaint or otherwise appear in this case.  Accordingly, on May 18, 2026, NBK filed its *Request for Entry of Default*.  ECF No. 21.  And on May 19, 2026, NBK filed its *Motion for Default Judgment*.  ECF No. 22.  Mr. Choudhri failed to oppose either the request for entry of default or the motion for default judgment, and the time to do so has run.

## ARGUMENT & AUTHORITIES

**A.** **Mr. Choudhri is in default and has not opposed the motion for default judgment.  A judgment should issue in NBK's favor.**

7.     As set forth above, NBK served Mr. Choudhri with the Complaint and Summonses on March 30, 2026.  ECF No. 19.  Relevant here, service was accomplished by email (pursuant to the Court's order authorizing substitute service) to Mr. Choudhri and five of his lawyers that same day.

8.     There can be no doubt that Mr. Choudhri received notice of this action because he personally received the Complaint and Summon *and* because several of the lawyers who also received the Complaint and Summons continue to represent Mr. Choudhri in other matters in the Texas state and federal courts, including in this Court.  *See, e.g.*, *Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-cv-04836 (S.D. Tex.) (KPE) (Ali Choudhri represented by Joseph Cecere and Justin Rayome; notice of appeal filed by Gia Samavati on May 21, 2026, on behalf of Mr. Choudhri's affiliate but signed as counsel for the affiliate and Mr. Choudhri, which is *after* Mr. Choudhri and Ms. Samavati were served with the Complaint and Summonses in the present case).

9.     Despite having indisputable notice of this action, Mr. Choudhri has failed or refused to appear.  More than 21 days have passed since Mr. Choudhri was served and, thus, he is in default.  *See* ECF No. 21 (NBK's request for entry of default); Fed. R. Civ. P. 12(a)(1)(A).  For all the reasons stated in NBK's *Request for Entry of Default*, it respectfully requests the Court instruct the Clerk to enter default against Mr. Choudhri.  *Id.*  Further, for all the reasons stated in NBK's *Motion for Default Judgment*, it respectfully requests the Court enter judgment against Mr. Choudhri and in favor of NKT.  ECF No. 22.

10.    A judgment in NBK's favor will end this case (at least as to the merits) and will vitiate the need to hold the Initial Conference.  While NBK is hopeful that Mr. Choudhri will voluntarily participate in post-judgment discovery, if past is prologue, that result is unlikely. Should a dispute arise, and to avoid the time and resources required to file a new case and relate it to this one, NBK respectfully requests the Court keep the case administratively "open" to hear any disputes arising from NBK's post-judgment collection efforts.

### B.    Time is of the essence.

11.    Mr. Choudhri is currently subject to a state court receiver, arising out of judgments held by two other creditors.  *See Mokaram-Latif West Loop, Ltd. v. Choudhri et al.*, Case No. 2012-27197-D (Harris Cnty. 333rd Dist. Ct.).  The state court receiver is actively investigating, collecting, liquidating, and distributing Mr. Choudhri's assets to a limited set of creditors.  *See id.* Allowing additional time to pass before entering a judgment against Mr. Choudhri in this case risks NBK's exclusion from the receivership proceeding (and any distributions it generates), along with the diminished possibility of satisfaction should the receiver collect and distribute assets that could otherwise be attached by NBK.

### CONCLUSION

12.    For the foregoing reasons, NBK respectfully requests the Court: (a) enter default against Mr. Choudhri; (b) enter a default judgment against Mr. Choudhri and in favor of NBK; and (c) after entering default and default judgment, keep the case open for post-judgment proceedings which NBK anticipates will require judicial intervention given Mr. Choudhri's record of noncompliance.

Dated: June 3, 2026

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Charles C. Conrad*
Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. ID No. 37220
L. James Dickinson
Tex. Bar No. 24105805
S.D. Tex. Fed. ID No. 3611267
Reed C. Trechter
Tex. Bar No. 24129454
S.D. Tex. Fed. ID No. 3803657
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
james.dickinson@pillsburylaw.com
reed.trechter@pillsburylaw.com

*- and -*

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. ID No. 30089813
Patrick E. Fitzmaurice
N.Y. Bar No. 4093852
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 3, 2026, a true and correct copy of this document was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service and via email to the following parties:

a.  Defendant Ali Choudhri at: ali@jetallcapital.com, legal@jetallcapital.com, and ali@jetallcompanies.com;

b.  Justin Rayome at: justin.rayome.law@gmail.com, justin.r@jetallcapital.com, justinrayome3@gmail.com, and justin.r@jetallcompaines.com;

c.  Gia Samavati at: gia@trialninjas.com, gia@samavatilawfirm.com, gia@jetallcapital.com, and gia@trialsharks.com;

d.  Jeffrey Steidley at: jeff@texlaw.us;

e.  Bruce Duke at: bruce@bdukelawfirm.com; and

f.  Joseph Cecere at: cecere@cecerepc.com.

/s/ Charles C. Conrad
Charles C. Conrad