**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH,** | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 4:25-cv-05602** |
| **v.** | § | |
| | § | |
| **ALI CHOUDHRI,** | § | |
| *Defendant.* | § | |

**DEFENDANT ALI CHOUDHRI'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Ali Choudhri ("Mr. Choudhri") respectfully moves this Court to dismiss the

Complaint filed by National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") pursuant to

Federal Rule of Civil Procedure 12(b)(3), saying as follows:

**I.**
**INTRODUCTION**

This Court is an improper venue. NBK's claims necessarily implicate a Confidential

Settlement Agreement that contains a mandatory forum selection clause designating Harris County

District Court as the exclusive forum for "any dispute based on or arising from" that Agreement.

Under *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49 (2013), and Fifth

Circuit precedent, this case must be dismissed.

**II.**
**JUDICIAL NOTICE AND PROCEDURAL HISTORY**

Pursuant to Federal Rule of Evidence 201(b), Mr. Choudhri respectfully requests that the

Court take judicial notice of the following publicly filed court records:

- 1 -

0165029.0825245  4934-4362-6675v3

- Judgment, *Nat'l Bank of Kuwait, S.A.K.P. v. Parker*, No. 1:24-cv-04324-AS (S.D.N.Y. Apr. 7, 2026), ECF No. 68 (entering final judgment against Bradley Parker in the amount of $50,864,131.03 and closing the case) (Ex. 2).

- Letter from NBK's Counsel to the Court, *Nat'l Bank of Kuwait, S.A.K.P. v. Parker*, No. 1:24-cv-04324-AS (S.D.N.Y. Dec. 12, 2025), ECF No. 63 (advising the court that NBK received documents in October 2025 relating to Mr. Choudhri; that NBK filed a separate action against Mr. Choudhri in the Southern District of Texas on November 20, 2025; and that Mr. Choudhri filed for Chapter 11 bankruptcy protection on December 5, 2025, triggering the automatic stay) (Ex. 3).

These documents are proper subjects of judicial notice because they are court-filed records whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (judicial notice taken to show existence and content of public records, not to prove the truth of matters asserted).

### III.
### FACTUAL BACKGROUND

In May 2018, NBK extended a $51,675,000 loan to Galleria 2425 Owner, LLC, secured by the property at 2425 West Loop South in Houston. As part of that financing, Bradley Parker signed a personal Guaranty in NBK's favor.

NBK alleges that Parker acted as Mr. Choudhri's "agent or representative" when he signed the Guaranty, that Choudhri later "approved and ratified" the Guaranty and "assumed the obligation," and that Choudhri "indemnified Mr. Parker." NBK further alleges it was "unaware" of these arrangements until Parker produced certain documents in 2025.

- 2 -

On August 22, 2022, NBK, Galleria 2425, Naissance Galleria, and Choudhri resolved broader disputes in a Confidential Settlement Agreement (Ex. 1). Mr. Choudhri is a signatory to and defined "Party" under the Settlement Agreement. The parties agreed in Section 9.14 that "exclusive jurisdiction for any dispute based on or arising from this Agreement will be in the Harris County District Court, Houston, Texas," with fees to the prevailing party in such suits.

NBK pursued Parker on his Guaranty in the Southern District of New York. The court granted summary judgment on June 4, 2025. NBK then filed this action against Mr. Choudhri in the Southern District of Texas on November 20, 2025. The Clerk in the Parker action entered final judgment on April 7, 2026 (Ex. 2), in the amount of $50,864,131.03; that case is now closed.

## IV.
## LEGAL STANDARD

A defendant may move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). In the Fifth Circuit, a motion to dismiss based on a mandatory forum selection clause is properly raised under Rule 12(b)(3). *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767–68 (5th Cir. 2016). A valid forum selection clause must be given controlling weight in all but the most exceptional cases; the party resisting the clause bears the heavy burden of showing enforcement would be unreasonable. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–66 (2013).

## V.
## ARGUMENT

Solely for purposes of this motion, the Court accepts NBK's well-pleaded allegations as true. Defendant does not otherwise concede the truth of any allegation or the existence, authenticity, or enforceability of any document, and reserves all rights and defenses.

0165029.0825245   4934-4362-6675v3

Section 9.14 of the Settlement Agreement provides that exclusive jurisdiction for any dispute based on or arising from that Agreement will lie in the Harris County District Court, Houston, Texas (Ex. 1 § 9.14). This is a mandatory forum selection clause. *Weber*, 811 F.3d at 768 (distinguishing mandatory from permissive clauses).

NBK's claims cannot be adjudicated without construing the Settlement Agreement and the rights and obligations it created between the parties. NBK and Mr. Choudhri are both signatories to the Settlement Agreement, which resolved prior disputes between them and established their respective rights going forward. Any dispute requiring the Court to interpret or apply the Settlement Agreement is "based on or arising from" that Agreement within the meaning of Section 9.14 (Ex. 1 § 9.14). Indeed, Section 9.3 of the Settlement Agreement expressly contemplates this scenario, providing that the Agreement "may be pled by the party against whom the claim is filed as a defense" in any subsequent action on released claims (Ex. 1 § 9.3).

Under *Atlantic Marine*, once a valid clause is established, the plaintiff's choice of forum merits no weight, and public-interest factors will rarely defeat enforcement. 571 U.S. at 63–64. A strong presumption exists in favor of enforcing mandatory forum-selection clauses. *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 251 (5th Cir. 2023). NBK freely negotiated the Settlement Agreement and cannot now escape the forum to which it agreed. This action should be dismissed under Rule 12(b)(3).

Courts in this District and across the Fifth Circuit routinely enforce mandatory clauses using the same framework. *See, e.g., Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 544–45 (5th Cir. 2018) (enforcing forum clause even where case had little connection to contractual forum; not a truly exceptional case warranting refusal); *AlliantGroup, L.P. v. Mols*, 2017 WL 432810, at *2–3 (S.D. Tex. Jan. 30, 2017) (Harris County "sole venue"

- 4 -

language mandatory; forum selection clause enforced over defendant's objections); *Semiconductor Glob. Sols. v. Capital Asset Exch. & Trading, LLC*, 782 F. Supp. 3d 458, 462–64 (W.D. Tex. 2025) (clause using "shall" was mandatory; transfer granted); *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 548–49 (W.D. Tex. 2014) (broad "relating to" scope applied; transfer granted); *Ameri-Fab, LLC v. Vanguard Energy Partners, LLC*, 646 F. Supp. 3d 795, 799–800 (W.D. Tex. 2022) (rejecting unreasonableness objections; transfer granted).

## VI.
## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Ali Choudhri respectfully requests that this Court enter an order:

1. Dismissing NBK's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that the mandatory forum selection clause in Section 9.14 of the Settlement Agreement requires exclusive adjudication in Harris County District Court, Houston, Texas;

2. In the alternative, dismissing NBK's Complaint without prejudice to refiling in the contractually selected forum;

3. Awarding Mr. Choudhri his reasonable and necessary attorneys' fees, costs, and expenses pursuant to Section 9.14 of the Settlement Agreement, which entitles the prevailing party in any suit based on or arising from the Agreement to recover such fees;

4. Granting such other and further relief to which Mr. Choudhri may be justly entitled.

0165029.0825245   4934-4362-6675v3

Respectfully submitted,

FBT GIBBONS LLP

By: */s/ Derek R. Staub*
    Derek R. Staub
    Texas Bar No. 24063017
    dstaub@fbtgibbons.com

Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472
Telecopier: 214.545.3473

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, a true and correct copy of the foregoing ***Defendant Ali Choudhri's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3)*** was served via the Court's CM/ECF system on all counsel of record:

Charles C. Conrad
L. James Dickinson
Reed C. Trechter
PILLSBURY WINTHROP SHAW PITTMAN LLP
609 Main Street, Suite 2000
Houston, Texas 77002

and

Andrew M. Troop
Patrick E. Fitzmaurice
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019-6131

        */s/ Derek R. Staub*
        Derek R. Staub

0165029.0825245   4934-4362-6675v3