**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH,** | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 4:25-cv-05602** |
| **v.** | § | |
| | § | |
| **ALI CHOUDHRI,** | § | |
| *Defendant.* | § | |

**DEFENDANT ALI CHOUDHRI'S ORIGINAL ANSWER**

Defendant Ali Choudhri a/k/a Mohammad Ali Choudhri ("Mr. Choudhri" or "Defendant") files this Original Answer to Plaintiff National Bank of Kuwait, S.A.K.P., New York Branch's ("NBK" or "Plaintiff") Complaint and responds to each numbered paragraph as follows:

**I.**
**INTRODUCTION**

1.      Paragraph 1 contains no allegation directed to Defendant. To the extent a response is required, Defendant denies the allegations contained therein.

2.      Defendant denies that in May 2018, NBK loaned Galleria 2425 more than $51.6 million to purchase a commercial building in the Galleria area of Houston, Texas. Defendant denies that Mr. Parker unconditionally guaranteed the debt as Mr. Choudhri's "agent or representative." Defendant further denies that Mr. Choudhri approved and ratified the Guaranty, assumed the obligation from Mr. Parker, or indemnified Mr. Parker for any and all obligations arising under the Guaranty and the related loan documents. Defendant denies that Messrs. Parker and Choudhri concealed any arrangements from NBK.

- 1 -

3. Defendant denies the allegations in Paragraph 3 on the basis of insufficient knowledge or information to form a belief as to their truth.

4. Defendant denies the allegations in Paragraph 4 on the basis of insufficient knowledge or information to form a belief as to their truth.

5. Defendant denies the allegations in Paragraph 5 regarding the amount currently due to NBK. Defendant further denies that, having assumed the obligations under the Guaranty and related assumption documents, Mr. Choudhri is liable to NBK for all amounts outstanding under and related to the Guaranty.

## II.
## PARTIES

6. Defendant denies the allegations in Paragraph 6 on the basis of insufficient knowledge or information to form a belief as to their truth.

7. Defendant admits that Ali Choudhri a/k/a Mohammad Ali Choudhri is an individual residing in Houston, Texas. Defendant admits that Mr. Choudhri was formerly the 100% owner of non-party Galleria 2425, the Borrower under the guaranteed loan. Defendant denies that Mr. Choudhri is the principal of non-party Mr. Parker by virtue of various agency and assumption agreements, and denies that Mr. Choudhri agreed to assume Mr. Parker's guaranty obligations and indemnified him for them.

## III.
## JURISDICTION AND VENUE

8. Defendant admits the allegations of Paragraph 8.

9. Defendant admits the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

0165029.0825245   4916-1578-6167v1

## IV.
## FACTUAL ALLEGATIONS

**A.    NBK's $51.6 Million Loan to Galleria 2425**

11.    Defendant admits the allegations of Paragraph 11.

12.    Defendant admits that the Loan is evidenced by a Loan Agreement, Promissory Note, and Deed of Trust, Assignment of Leases and Rents and Profits and Fixture Filing. Defendant denies the remaining allegations of Paragraph 12 on the basis of insufficient knowledge or information to form a belief as to their truth.

13.    Defendant admits that the Loan Agreement provides that an Event of Default occurs if, inter alia, the Borrower (Galleria 2425) or the Guarantor (Mr. Parker) fails to repay the Loan or files a voluntary bankruptcy proceeding. Defendant admits that upon an Event of Default, the Debt and all other obligations of Borrower and Guarantor under the Loan Documents shall immediately and automatically become due and payable, without notice or demand. Defendant admits the definition of "Debt" as set forth in Paragraph 13.

**B.    The Guaranty**

14.    Defendant denies that Mr. Parker acted as Mr. Choudhri's agent or representative in personally guaranteeing the Loan. The Guaranty speaks for itself, and Defendant denies any characterization thereof inconsistent with its terms.

15.    Defendant denies the allegations of Paragraph 15 to the extent they characterize Mr. Choudhri as having assumed the obligations of Mr. Parker under the Guaranty. The Guaranty speaks for itself.

16.    Defendant denies the allegations of Paragraph 16 to the extent they characterize Mr. Choudhri as having assumed the obligations of Mr. Parker under the Guaranty. The Guaranty speaks for itself.

0165029.0825245   4916-1578-6167v1

17.　　Defendant denies the allegations of Paragraph 17 on the basis of insufficient knowledge or information to form a belief as to their truth.

**C.　　Mr. Choudhri Assumed the Guaranty and Indemnified Mr. Parker**

18.　　Defendant admits that on July 9, 2018, Mr. Parker and Mr. Choudhri entered into an Agency Agreement.

19.　　Defendant admits that Section 1 of the Agency Agreement contains the language quoted in Paragraph 19. The Agency Agreement speaks for itself.

20.　　Defendant admits that the "Investment Properties" are defined to include the Property, and the "Agency Entities" are defined to include Galleria West Loop Investments II LLC, the parent of Galleria 2425.

21.　　Defendant admits that the Agency Agreement contains an indemnification provision as quoted in Paragraph 21. The Agency Agreement speaks for itself.

22.　　Defendant admits that the Agency Agreement contains the provision quoted in Paragraph 22. The Agency Agreement speaks for itself.

23.　　Defendant admits that the Agency Agreement contains the survival provision quoted in Paragraph 23. The Agency Agreement speaks for itself.

24.　　Defendant admits that on August 15, 2019, Mr. Parker and Mr. Choudhri executed two Assignments of Membership Interests and an Indemnification Agreement. Defendant admits that true and accurate copies are attached as Exhibit F.

25.　　Defendant admits that in the Assignments, Mr. Parker assigned all of his interests in Galleria West Loop Investments I, LLC and in Galleria West Loop Investments II, LLC to Mr. Choudhri.

0165029.0825245　4916-1578-6167v1

26.     Defendant admits that the Indemnification Agreement contains the language quoted in Paragraph 26. The Indemnification Agreement speaks for itself.

27.     Defendant admits that Mr. Parker signed the Indemnification Agreement as Assignor and Mr. Choudhri signed the Indemnification Agreement as Assignee.

**D.     Galleria 2425 Failed to Repay the Loan and Commenced Voluntary Bankruptcy Proceedings**

28.     Defendant admits that Galleria 2425 failed to repay the Loan when it became due.

29.     Defendant admits that on July 5, 2023, Galleria 2425 filed a voluntary chapter 11 case in the United States Bankruptcy Court for the Southern District of Texas.

30.     Defendant admits that Mr. Choudhri directed and authorized the First Galleria Bankruptcy.

31.     Defendant admits that on November 1, 2023, the Bankruptcy Court sua sponte dismissed the First Galleria Bankruptcy for cause.

32.     Defendant admits that on December 5, 2023, Galleria 2425 filed a second voluntary chapter 11 case in the Bankruptcy Court.

33.     Defendant admits that Mr. Choudhri directed and authorized the Second Galleria Bankruptcy.

**E.     The Parker Lawsuit**

34.     Defendant denies the allegations of Paragraph 34 on the basis of insufficient knowledge or information and belief.

35.     Defendant denies the allegations of Paragraph 35 on the basis of insufficient knowledge or information and belief.

36.     Defendant denies the allegations of Paragraph 36 on the basis of insufficient knowledge or information and belief.

- 5 -

37. Defendant denies the allegations of Paragraph 37 on the basis of insufficient knowledge or information and belief.

38. Defendant denies the allegations of Paragraph 38 on the basis of insufficient knowledge or information and belief.

39. Defendant denies the allegations of Paragraph 39 on the basis of insufficient knowledge or information and belief.

40. Defendant denies the allegations of Paragraph 40 on the basis of insufficient knowledge or information and belief.

**F. Damages**

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant admits that Mr. Choudhri has not paid any amount to NBK. Defendant denies the remaining allegations of Paragraph 43 on the basis of insufficient knowledge or information.

**V.**
**<u>CLAIMS FOR RELIEF</u>**

**<u>First Claim for Relief — Declaratory Judgment</u>**

44. In response to Paragraph 44, Defendant repeats and realleges each and every response contained in the preceding paragraphs and incorporates them by reference here.

45. Defendant admits that a controversy exists between the parties regarding Mr. Choudhri's alleged liability on the debt owed to NBK.

46. Defendant admits that Galleria 2425 borrowed $51,675,000.00 from NBK pursuant to the Loan Documents.

0165029.0825245   4916-1578-6167v1

47.     Defendant denies that Mr. Parker guaranteed Galleria 2425's obligations under the Loan Documents by executing and delivering the Guaranty on the basis of insufficient knowledge or information and belief.

48.     Defendant denies that Mr. Choudhri assumed Mr. Parker's obligations under the Guaranty as alleged.

49.     Defendant denies Mr. Choudhri also indemnified Mr. Parker against any claims or causes of action related to the Guaranty pursuant to the terms of the Indemnification Agreement.

50.     Defendant denies the allegations of Paragraph 50 on the basis of insufficient knowledge or information to form a belief as to their truth.

51.     Defendant denies the allegations of Paragraph 51 on the basis of insufficient knowledge or information to form a belief as to their truth.

52.     Defendant admits that Paragraph 52 describes the declaratory relief sought by NBK. Defendant denies that NBK is entitled to such relief.

53.     Defendant admits that Paragraph 53 describes the monetary relief sought by NBK. Defendant denies that NBK is entitled to such relief.

54.     Defendant admits that Paragraph 54 describes the additional relief sought by NBK, including specific performance, costs, and attorneys' fees. Defendant denies that NBK is entitled to such relief.

## Second Claim for Relief — Breach of Contract

55.     In response to Paragraph 55, Defendant repeats and realleges each and every response contained in the preceding paragraphs and incorporates them by reference here.

56.     Defendant denies the allegations of Paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

0165029.0825245   4916-1578-6167v1

58.     Defendant denies the allegations of Paragraph 58.

59.     Defendant denies the allegations of Paragraph 59.

60.     Defendant denies the allegations of Paragraph 60.

61.     Defendant denies the allegations of Paragraph 61.

62.     Defendant denies the allegations of Paragraph 62.

63.     Defendant denies the allegations of Paragraph 63.

## VI.
## PRAYER FOR RELIEF

64.     Defendant denies that NBK is entitled to any of the relief requested in Paragraph 64 or elsewhere in the Complaint.

## VII.
## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue on which it would otherwise rest with Plaintiff, and reserving the right to assert additional defenses as they become known through discovery or otherwise, Defendant asserts the following affirmative defenses:

### 1.     First Affirmative Defense — Release.

Plaintiff's claims are barred by the Confidential Settlement Agreement dated August 22, 2022 (the "Settlement Agreement"), entered into by and among NBK, Galleria 2425 Owner, LLC, Naissance Galleria, LLC, and Mr. Choudhri. In Section 4.2(a) of the Settlement Agreement, NBK released, acquitted, and forever discharged the Choudhri Released Parties — defined to include Mr. Choudhri individually and his heirs, assigns, agents, executors, attorneys, lenders, administrators, lien holders, creditors, and those in privity therewith, along with any entity in which Choudhri may have an ownership interest — from all known and unknown claims, accrued or not accrued, from the beginning of time until the date of the Settlement Agreement, including

- 8 -

but not limited to any and all claims relating to the Claims or the Lawsuit. The Guaranty, Agency Agreement, and Indemnification Agreement upon which Plaintiff's Complaint is based all predate the Settlement Agreement and fall squarely within the scope of NBK's release. Plaintiff's claims are therefore barred.

### 2. *Second Affirmative Defense — Failure to State a Claim.*

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### 3. *Third Affirmative Defense — Lack of Privity and No Direct Obligation to NBK.*

NBK is not a party to or third-party beneficiary of the Agency Agreement or the Indemnification Agreement. Those agreements, by their plain terms, create obligations running solely between Mr. Choudhri and Mr. Parker. NBK therefore lacks standing or privity to enforce those agreements against Mr. Choudhri, and no direct obligation from Mr. Choudhri to NBK arises from them. Mr. Choudhri did not assume any obligations under the Guaranty running directly to NBK, and any agreements between Mr. Choudhri and Mr. Parker do not create such an obligation.

### 4. *Fourth Affirmative Defense — Parker Summary Judgment Not Binding.*

The Parker Summary Judgment Order entered by the Southern District of New York is not binding on Mr. Choudhri and has no preclusive effect against him. Mr. Choudhri was not a party to the Parker litigation, did not have a full and fair opportunity to litigate the issues therein, and is not in privity with Mr. Parker for purposes of collateral estoppel or res judicata. Alternatively, to the extent Mr. Parker and Mr. Choudhri are found to be in privity with one another, the claim against Mr. Choudhri in this lawsuit is barred by res judicata or collateral estoppel.

### 5. *Fifth Affirmative Defense — Failure of Consideration.*

To the extent NBK claims Mr. Choudhri assumed obligations under the Guaranty running to NBK, there was no consideration flowing from NBK to Mr. Choudhri in exchange for any such alleged assumption.

0165029.0825245   4916-1578-6167v1

6.      ***Sixth Affirmative Defense — Accord and Satisfaction / Settlement.***

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction. The Settlement Agreement constituted a binding accord between NBK and Mr. Choudhri resolving all claims between them, and any performance or partial performance thereunder constitutes satisfaction.

7.      ***Seventh Affirmative Defense — Unclean Hands.***

To the extent Plaintiff seeks equitable relief, including declaratory judgment and specific performance, Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff released all claims against Mr. Choudhri in the Settlement Agreement, and its assertion of the very claims it released constitutes inequitable conduct that precludes equitable relief.

8.      ***Eighth Affirmative Defense — Rule of Election.***

Plaintiff elected to proceed against Mr. Parker in the Southern District of New York and obtained a final, unappealable summary judgment against him on the Guaranty. To the extent Mr. Parker is or was an agent of Mr. Choudhri, under agency law and the rule of election, Plaintiff is now barred from pursuing a separate judgment against Mr. Choudhri on the same obligation, as an aggrieved third party cannot recover full damages from both an undisclosed principal and the agent.

9.      ***Ninth Affirmative Defense — Reservation of Defenses.***

Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and additional facts become known.

10.      ***Tenth Affirmative Defense — Improper Venue / Forum Selection Clause.***

The Confidential Settlement Agreement dated August 22, 2022 contains a mandatory forum selection clause in Section 9.14 providing that "exclusive jurisdiction for any dispute based on or arising from this Agreement will be in the Harris County District Court, Houston, Texas."

- 10 -

To the extent Plaintiff's claims are based on or arise from the Settlement Agreement, venue in this Court is improper and this action should be dismissed or transferred pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendant preserves all rights to seek dismissal or transfer based on the mandatory forum selection clause.

## VIII.
## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Ali Choudhri a/k/a Mohammad Ali Choudhri hereby demands a trial by jury on all issues so triable in this action.

## PRAYER

WHEREFORE, Defendant Ali Choudhri a/k/a Mohammad Ali Choudhri respectfully requests that the Court:

(a)     Enter judgment in his favor and against Plaintiff on all claims asserted in the Complaint;

(b)     Deny Plaintiff all relief sought in its Complaint;

(c)     Award Defendant his costs of court; and

(d)     Grant such other and further relief, at law or in equity, to which Defendant and may be justly entitled.

0165029.0825245   4916-1578-6167v1

Respectfully submitted,

FBT GIBBONS LLP

By:    */s/ Derek R. Staub*
        Derek R. Staub
        Texas Bar No. 24063017
        dstaub@fbtgibbons.com

Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472
Telecopier: 214.545.3473

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2026, a true and correct copy of the foregoing ***Defendant***

***Ali Choudhri's Original Answer*** was served via the Court's CM/ECF system on all counsel of

record:

Charles C. Conrad
L. James Dickinson
Reed C. Trechter
PILLSBURY WINTHROP SHAW PITTMAN LLP
609 Main Street, Suite 2000
Houston, Texas 77002

and

Andrew M. Troop
Patrick E. Fitzmaurice
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019-6131

                              */s/ Derek R. Staub*
                              Derek R. Staub

- 12 -

0165029.0825245   4916-1578-6167v1